IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO BOTELLO and<br>O'REILLY AUTOMOTIVE, INC. d/b/a<br>O'REILLY AUTO PARTS<br><br>VS.<br><br>EDUARDO INGUANZO and<br>U.S. DEPARTMENT OF DEFENSE,<br>DEPARTMENT OF THE ARMY | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br><br>JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, and files this their Original Complaint against EDUARDO INGUANZO and the UNITED STATES DEPARTMENT OF DEFENSE, DEPARTMENT OF THE ARMY, and for same, would show unto the Court as follows:

## PARTIES

1. Plaintiff Francisco Botello is an individual residing in Cameron County, Texas.

2. Plaintiff O'Reilly Automotive, Inc., d/b/a O'Reilly Auto Parts, is a corporation with its principal place of business in Springfield, Missouri.

3. Defendant, EDUARDO INGUANZO, is an individual residing in Cameron County, Texas. Defendant Inguanzo may be served with summons at his residence at 2727 Old Alice Road, Apartment 137, Brownsville, Texas 78521.

**PLAINTIFFS' ORIGINAL COMPLAINT -** .................................................. PAGE 1

4. Defendant, UNITED STATES DEPARTMENT OF DEFENSE, DEPARTMENT OF THE ARMY, is an entity or governmental unit which maintains a Headquarters at the U.S. Army Medical Center and School & Fort Sam Houston, Office of the Staff Judge Advocate, 1306 Stanley Road, Suite 19, Fort Sam Houston, Texas 78234. Defendant, UNITED STATES DEPARTMENT OF DEFENSE, DEPARTMENT OF THE ARMY, may be served with summons upon civil process clerk, the United States attorney for the Southern District of Texas, Civil Process Desk, P.O. Box 61129, Houston, Texas 77208, and the Attorney General of the United States at Washington, District of Columbia, pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.

## VENUE AND JURISDICTION

5. Venue is proper in this court because the actions forming the basis of this lawsuit occurred in Cameron County, Texas. Venue and Jurisdiction are proper pursuant to 28 U.S.C. § 1346(b), and Section 15.002 of the Texas Civil Practice and Remedies Code.

## FACTUAL BACKGROUND

6. It is alleged that on the 10th day of June, 2005, Plaintiff FRANCISCO BOTELLO sustained injury to his body when he was involved in an automobile collision at 1000 FM 802 and North Frontage Road, in Brownsville, Texas. On that date, the FRANCISCO BOTELLO sustained his injuries when the vehicle in which he was driving was rear ended by the vehicle operated by Defendant, Eduardo Inguanzo. FRANCISCO BOTELLO had come to a stop at a red light, intending to turn his vehicle left, when he was violently struck from behind by Defendant's vehicle. Defendant Eduardo Inguanzo negligently collided into FRANCISCO BOTELLO'S vehicle, proximately causing the damages and injuries sustained by Plaintiff.

## NEGLIGENCE AND NEGLIGENCE PER SE

7. These acts and/or omissions contained in paragraph 6 constitute negligence and were the proximate cause of injuries to Plaintiffs.

8. On the occasion in question, Defendant, Eduardo Inguanzo, was guilty of one or more or all of the following acts of negligence which proximately caused the collision in question and the injuries and damages sustained by the Plaintiffs.

   a. In failing to keep a proper lookout as a person using ordinary care would have done under the same or similar circumstances;

   b. In failing to make timely application of the brakes as a person using ordinary care would have done under the same or similar circumstances;

   c. In failing to maintain proper control of his vehicle as a person using ordinary care would have done under the same or similar circumstances;

   d. In failing to keep the proper lookout as a person using ordinary care would have done under the same or similar circumstances;

   e. By driving his vehicle at a greater rate of speed than the speed at which a reasonably prudent person would have driven under the same or similar circumstances;

   f. In failing to apply the brakes of his vehicle immediately prior to the collision in question as a person using ordinary care would have done under the same or similar circumstances;

   g. In failing to apply the brakes on Defendant's vehicle with sufficient force immediately prior to the collision in question as a person using ordinary care would have done under the same or similar circumstances;

   h. In failing to take proper evasive action to avoid the collision in question as a person using ordinary care would have done under the same or similar circumstances;

   i. In failing to steer to the right or the left to avoid the collision in question as a person using ordinary care would have done under the same or similar circumstances.

9. The allegations set forth in paragraphs 7 and 8 are incorporated herein as if set forth verbatim. The conduct of the Defendant constitutes negligence per se. Defendant violated: Tex. Transp. Code Ann. § 544.004, Compliance with Traffic-Control Device; Tex. Transp. Code Ann. § 544.007, Traffic-Control Signals in General; Tex. Transp. Code Ann. § 545.062, Following Distance; Tex. Transp. Code Ann. § 545.151, Vehicle Approaching or Entering Intersection; Tex. Transp. Code Ann. § 545.351, Maximum Speed Requirement; Texas Transp. Code Ann. § 545.352, Prima Facie Speed Limits; Tex. Transp. Code Ann. § 545.401, Reckless Driving; Offense; and Tex. Transp. Code Ann. § 601.053, Evidence of Financial Responsibility.

## *RESPONDEAT SUPERIOR*

10. Plaintiff herein invokes the cause of action for recovery against Defendant U.S. Department of Defense, Department of the Army, pursuant to the theory of *respondeat superior*. Plaintiff believes and alleges that Defendant Inguanzo was an employee acting in the course and scope of his employment with the Department of Defense, Department of the Army as an Army recruiter at the time of the incident in question. Defendant Inguanzo was driving a vehicle owned by the U.S. Government at the time of the incident. Plaintiff alleges herein that Defendant U.S. Department of Defense, Department of the Army is responsible for the negligence and negligence per se of its employee, Defendant Inguanzo, who acting within his authority, which caused damages to Plaintiffs herein.

## NEGLIGENT ENTRUSTMENT

11. Plaintiffs furthermore assert that Defendant U.S. Department of Defense, Department of the Army was negligent in entrusting Defendant Inguanzo to a vehicle which it owned and/or controlled. Defendant U.S. Department of Defense negligently

entrusted its vehicle to Defendant Inguanzo, who was an incompetent and/or reckless driver, and was reckless on the occasion in question, which caused the damages named herein. Defendant U.S. Department of Defense, Department of the Army knew or should have known Defendant Inguanzo was a reckless and/or incompetent driver.

## DAMAGES

12. As a proximate result of the negligence as above described, Francisco Botello sustained personal injuries, all of which have caused him in the past, and will cause him in the future, physical pain, mental anguish, lost wages and loss of earning capacity, physical impairment, disfigurement, and medical and hospital expenses, for which he should be compensated in accordance with the law.

13. As a proximate result of the negligence as above described, Plaintiff O'Reilly Automotive, Inc., d/b/a O'Reilly Auto Parts, sustained damages in costs related to damage to the vehicle driven by Plaintiff Botello, which was owned by Plaintiff O'Reilly Automotive, Inc., d/b/a O'Reilly Auto Parts. Prior to the accident, Plaintiff's vehicle was in good and driveable condition. Due to the accident, the vehicle sustained significant property damage. Plaintiff incurred costs involved in the property damage caused by Defendant's negligence, totaling at least $2,131.02. Furthermore, as a proximate result of the Defendant's negligence, Plaintiff has suffered from the diminution in the market value of Plaintiff's vehicle. As a result of the damage to the vehicle caused by Defendant's negligence, Plaintiff's vehicle is worth significantly less.

14. Plaintiffs seek prejudgment and post judgment interest at the maximum rate allowed by law.

## SOVEREIGN IMMUNITY, IF ANY, IS WAIVED

15. Defendant UNITED STATES DEPARTMENT OF DEFENSE, DEPARTMENT OF THE ARMY has waived sovereign immunity, if any, for suit and for liability. Sovereign immunity has been waived pursuant to 28 U.S.C. § 1346(b). In Texas, sovereign immunity has additionally been waived as to suit and liability under Tex. Civ. Prac. & Rem. Code §§ 101.021 and 101.025. This suit is brought against Defendant UNITED STATES DEPARTMENT OF DEFENSE, DEPARTMENT OF THE ARMY under the Federal Tort Claims Act and the Texas Tort Claims Act.

## NOTICE

16. Plaintiffs have complied with any notice provision prior to the filing of this suit. In addition, Plaintiffs assert that Defendants had actual knowledge of the incident in question within any time period required for notice.

## FOR COURT ONLY

17. The true party in interest, as to the causes of action raised herein in the name of Francisco Botello, is Indemnity Insurance Company of North America. As a result of the negligence of Defendants outlined above, Indemnity Insurance Company of North America was required to pay workers' compensation benefits to and on the behalf of Plaintiff Francisco Botello. Therefore, Indemnity Insurance Company of North America is subrogated to Francisco Botello's claim and brings this action in Francisco Botello's name to recover its workers' compensation lien. Indemnity Insurance Company of North America asserts entitlement to first monies recovered until its lien is satisfied. This lawsuit is filed

pursuant to the Texas Workers' Compensation Act for the workers' compensation carrier, Indemnity Insurance Company of North America, to recover the sums of money it has paid to and on behalf of Francisco Botello. The amount of the lien is at least $41,847.32, however it is anticipated that the true party in interest will pay additional sums before trial in accordance with the Texas Workers' Compensation Act.

## REQUEST FOR JURY TRIAL

18. Plaintiff requests that a jury be convened to try the factual issues in this cause.

## APPLICABLE SUBSTANTIVE LAW

19. Plaintiff would show the applicable substantive law is the law of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to answer and appear and after final trial, Plaintiffs have judgment against the Defendants in a sum in excess of the minimal jurisdiction limits of the Court, if any, plus pre-judgment and post-judgment interest at the legal rate until paid, costs of Court, and for all other relief, at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

BY: /s/Deanne C. Ayers
    DEANNE C. AYERS
    State Bar No. 01465820
    JULIE B. TEBBETS
    State Bar No. 00793419

4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
817-267-9009
817-318-0663 Facsimile
dayers@ayersfirm.com

**ATTORNEYS FOR PLAINTIFF**